Anicasia Castro etc., et al., Plaintiffs and Appellants, v.
Tulio Marrero et al., Defendants and Appellees.

No. 7660. Argued January 24, 1939.—Decided January 31, 1939.

*F. M. Susoni* for appellants; *Cayetano Coll y Cuchí* and *Víctor A. Coll,* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Anicasia Castro, in her own behalf, and as legal representative of her minor children Felipa, Luis, Angel Luis, Olga María, Blanca Elena, Naida Luz and David Castro y Castro, brought suit against Tulio Marrero and Jesús M. Rossy to recover damages to the extent of $5,000, alleging as a basis for their claim, the following:

"That plaintiff Anicasia Castro is the widow of deceased Juan Castro Iglesias and the other plaintiffs are the legitimate children of the aforesaid plaintiff Anicasia Castro and her deceased husband Juan Castro Iglesias; all of which are the beneficiaries of the said deceased, under Act No. 45 of April 28, 1935.

"That the deceased Juan Castro Iglesias of 45 years of age, was working as a laborer for the defendants in their capacity of employers within the provisions of the Act aforesaid.

"That on or about August 2, 1937, and while the predecessor in interest of the plaintiffs was working as laborer for employers Tulio Marrero and Jesús M. Rossy, that is to say, the defendants, at about 3:45 P. M. he suffered a labor accident in consequence whereof he died a few minutes later.

"That the predecessor in interest of the plaintiffs earned 50 cents per meter of stone prepared for the defendants from the quarry owned by them, according to the information and belief of the plaintiffs.

"That the plaintiffs were exclusively dependent on their predecessor for their subsistence, never having received help from any other source to cover their necessities.

"That the defendants have not paid to the Manager of the State Insurance Fund the premiums corresponding to said insurance, to the best information and belief of the plaintiffs.

"That the accident suffered by the predecessor in interest of the plaintiffs happened in the following manner: while he was loading a truck with stone to carry it to the crusher, a block of stone fell loose from the quarry hitting the predecessor in interest of the plaintiffs on the chest and hands, dying a few minutes later as a result of the bruises and concussions.

"That the plaintiffs, as the result of the death of their predecessor in interest, have suffered damages to the extent of $5,000.

"That the plaintiffs have several times requested the defendants to pay to them the amount claimed on the grounds stated, which they have refused and still refuse to do."

After the defendants were served, they demurred to the complaint for want of facts sufficient to constitute a cause of action, and the court rendered the following order:

"Since it does not appear from the face of the complaint that the accident occurred because of the negligence of the defendants, the demurrer for want of facts sufficient is sustained. See sec. 15 of the Workmen's Accident Compensation Act, approved April 18, 1935."

The plaintiffs filed a motion for reconsideration which was denied by an order setting forth the reasons therefor. They then prayed for judgment and once rendered they appealed to this court, assigning one error in their brief, to wit: the one committed by the court in deciding that in accordance with section 15 of Act No. 45 of April 18, 1935 (Sess. Laws p. 250) it was necessary to allege and prove the employer's negligence in order to obtain compensation under the statute in case of delinquent employers.

In its order the lower court spoke as follows:

". . . the plaintiffs . . . in behalf of their contention extensively transcribe from the Enciclopedia Jurídica Española and the recent decision of our Supreme Court in the case of *Bonilla* v. *Mitchell*, 51 P.R.R.——, where a complaint similar to the instant one was deemed sufficient in spite of the fact that the negligence of the employer was not alleged therein.

"Section 15 of the Act that served as basis for our order reads as follows:

" 'Section 15.— . . . . . . . . . .

" 'Should any employer employing four (4) or more workmen or employees fail to insure the payment of compensation for labor accidents in accordance with this Act, any prejudiced workman or his heirs may proceed against such employer by filing a petition for compensation with the Industrial Commission, and may, also, bring suit for damages just as if this Act were not applicable; and they shall be entitled in such action, without furnishing bond, to attach the property of the employer for such sum as the court may determine, in order to insure the payment of such judgment as may be rendered, if the court considers that there is just cause for action after the examination of the claim, which shall be sworn to. Such attachment shall include attorney's fees to be fixed by the court, and shall be effective until the case has been decided and the amount of the judgment paid. If, as a result of such action for damages judgment is rendered against the employer in excess of the compensation fixed by this Act, the compensation fixed, if paid or guaranteed by surety approved by the court, shall be deducted from the judgment.

" 'In such proceedings, the fact that the workman or employee was guilty of contributory negligence; or that he assumed the risk of the injury; or that the injury was caused by the negligence of a contractor or independent subcontractor, unless such contractor or independent subcontractor is insured in accordance with the provisions of this Act, shall not constitute a defense for the employer.

" 'No contract made between an employer and a workman or employee and purporting to allow the use of any of these defense shall be valid.'

"As one may see, the section that has been partially transcribed, does not contain, as did section 31 of the Workmen's Accident Compensation Act of 1928 (Sess. Laws, Act No. 85 of 1928, page 630) a provision establishing that a presumption of negligence existed against the employer. The aforesaid section 31, which corresponds to section 15 of the present statute, contained a *proviso* that read as follows:

" 'Provided, that in such action it shall be presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof shall rest upon the employer, to rebut the presumption of negligence.'

"It seems proper to transcribe now section 51 of the Workmen's Accident Compensation Act now in force, approved in 1935, to wit:

" 'Section 51.—Act No. 85, approved May 14, 1928, as subsequently amended, is hereby expressly repealed, with the exception of the provisions in Sections 40 to 47, both inclusive, of this Act, in regard to the decision and liquidation of cases pending under said Act.'

"The case of *Bonilla* v. *Mitchell, supra,* so very much stressed by the plaintiffs, would be applicable if the accident that caused the death of the employee had occurred under the Act of 1928. In that case the accident ocurred on August 25, 1933, while in this one it happened on August 2, 1937, that is, over two years after the Act of April 18, 1935, became effective.

"Had the legislator intended to save the presumption to which we have made reference, it would have been easy to do so, as he was careful to save the privilege granted the employee by section 31, to the effect that the defense of contributory negligence, assumption of risk and others appearing in section 31, coult not be used against him, exactly as in section 15 of the statute now in force.

"The Enciclopedia Jurídica Española deserves our greatest respect in matters of Civil Law, but it can not be very enlightening in the interpretation of an Act of American origin, as is the one under consideration."

The decision of the case entirely depends on the terms in which the law in question has been drafted. Actions for the recovery of damages for negligence are governed by the general principles contained in the Civil Code and other statutes. In accordance with our changing times the lawmaker separated the actions resulting from labor accidents and regulated them by special legislation, also creating certain bodies especially dedicated thereto.

The title of Act No. 45 of 1935, which is applicable to the case at bar, begins "An Act to Promote the Welfare of The People of Puerto Rico in or Regarding Accidents Causing Death or Injuries or Diseases or Death Caused by the Occupation of the Workmen in the Course of their Employment; . . . " Thereby a system of insurance is created. It is compulsorily applicable to all employers of four or more employees that fall within the act, but as there may exist

cases as the one at bar where the employer does not obey the order, the legislator took them into account and for that purpose provided the rules included in section 15 of the act partly transcribed by the trial court.

In the portion. that was not transcribed it is provided that in cases where such an accident should occur, the manager of the Fund shall determine the proper compensation and shall certify his decision to the Treasurer of Puerto Rico for collection from the employer.

Said determination shall be effected by giving both the employer and the employee an opportunity to be heard and to defend themselves. Thus, the employer by failing to insure does not avoid the consequences of the statute, nor does he avoid falling within the jurisdiction of the bodies created by the act, or the provision applicable to him. The employee is always secured.

But the legislator provided later for said cases. As one may see in the part of section 15 that was transcribed in the order of the trial judge, it was further provided that *aside* from the petition for compensation before the. Industrial Commission, the employee or his beneficiaries may file against the employer, before the courts of law, an action for damages, *as if this act were not applicable.* So that in the prosecution of that action one need not bear in mind the new act nor the new principles by it established.

After having thus decreed, the legislator expressly makes extensive to the law action some of the new rules, as for example, that the contributory negligence of the employee will not be available as a defense to the employer.

And it so extended in 1928 the one that in such actions it would be presumed that the injury received by the employee was the direct result and solely due to the negligence of the employer, but when the new law was enacted in 1935, which is, we repeat, the one applicable to the case, he did away with such extension.

It being so, it is clear that one can not arrive at any other conclusion different from that of the district court, remaining, therefore, the action before the law courts, as to the negligence of the employer, subject to the general rules applicable to actions of that nature, and not subject to the special ones of the Workmen's Accident Compensation Act, which should be considered in that regard, "as if it did not exist." And as those general rules provide that the negligence of the employer must be alleged so that there may arise a cause of action against him, and as the complaint in the instant case does not have such an allegation, it is evident that it does not state facts sufficient as was held by the trial court.

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice De Jesús took no part in the decision of this case.